IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELINDA PARSHALL, )
 )
      Plaintiff, )
 )
v. )
 ) Case No. 14-4005-JAR
HEALTH FOOD ASSOCIATES, INC. )
D/B/A AKIN'S NATURAL FOODS )
MARKET, )
 )
      Defendant. )
_____)

**MEMORANDUM AND ORDER**

Plaintiff Melinda Parshall filed this action against Defendant Akin's Natural Foods Market, alleging claims of sex discrimination, reverse discrimination on the basis of race and national origin, retaliation, and a hostile work environment under Title VII of the Civil Rights Act of 1964, and reverse discrimination on the basis of race and national origin in violation of 42 U.S.C. § 1981. Before the Court is Defendant's Motion to Dismiss (Doc. 6). The motion is fully briefed and the Court is prepared to rule. As described more fully below, Defendant's motion is **denied in part** and **granted in part**.

**I.    Rule 12(b)(6) Standard**

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[1] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual

---

[1]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

support for *these* claims."[2] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[3]

The plausibility standard seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[4] This standard does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[5]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[6] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to that same assumption.[7] Next, the court must determine whether the factual allegations, when assumed to be true, "plausibly give rise to an entitlement to relief."[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[2]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[3]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[5]*Id.*

[6]*Iqbal*, 556 U.S. at 678.

[7]*Id.*

[8]*Id.*

misconduct alleged."[9] A complaint that satisfies this plausibility standard will not be dismissed under Rule 12(b)(6) for failure to state a claim.

## II. First Amended Complaint

The following facts are alleged in Plaintiff's First Amended Complaint ("the Complaint") and construed in the light most favorable to Plaintiff. From April 2011 until June 12, 2012, Plaintiff, a white female, was employed by Defendant. Plaintiff reported directly to the store assistant manager in a position with some managerial responsibilities. For the entire duration of her employment with Defendant, Plaintiff was meeting her job expectations.

Almost immediately after beginning her employment, Plaintiff began receiving unwelcome advances from another employee, a Hispanic male named Raul Alonzo. Plaintiff reported these incidents to management as they occurred. In November 2011, Alonzo's advances intensified; he made comments regarding Plaintiff's weight and physical appearance, and stated "I'd like to take you out back" to Plaintiff in front of witnesses who perceived the remark as a sexual advance. Plaintiff again reported Alonzo's remarks to Susan Arnold, assistant store manager, and Arnold instructed Plaintiff to send a formal complaint to Joe Hoyt, the Area Manager. Arnold also instructed Plaintiff to document incidents of sexual harassment on the store's computer, which Plaintiff did.

After Plaintiff submitted her formal complaint, Hoyt visited the store where Plaintiff worked and informed Plaintiff that Alonzo would receive a write-up. However, Alonzo continued to direct his sexually aggressive comments at Plaintiff. Plaintiff again reported

---

[9] *Id.*

3

Alonzo's behavior to Anna Balaun, the Store Manager. But Balaun explained that the company could not take any action in response to Plaintiff's complaints because it feared accusations of harassment by Alonzo. Balaun further explained that Alonzo was an elderly Hispanic man who did not know any better.

On June 5, 2012, Plaintiff filed a formal complaint with the corporate Human Resources office ("HR") concerning Alonzo's behavior and Balaun's failure to take further action. Hoyt returned to Plaintiff's store several days later and reprimanded Plaintiff for complaining directly to HR instead of using the chain of command. Plaintiff was approached by another employee, Ashley Hargon, who stated that she witnessed Hoyt using security cameras to zoom in on Plaintiff's backside during his visit. Plaintiff confronted Hoyt about Hargon's claims, which Hoyt denied. Hoyt then demanded that Plaintiff reveal the employee who claimed to witness him surreptitiously using the security cameras; Plaintiff responded that Hargon made the accusation. Hargon later told Plaintiff that Hoyt ordered her to write a recantation statement regarding the incident.

Hoyt also explained to Plaintiff that he was going to write her up for documenting her complaints on a store computer. When Plaintiff remarked that Arnold told her to document her complaints on the computer, he rejected this explanation. On June 9, 2012, Hoyt took Plaintiff's store keys, changed her company passwords, and demoted Plaintiff. Plaintiff's duties were restricted to cashier and cleaning. Plaintiff was removed from the schedule and terminated after June 12, 2012, her last day working. On Plaintiff's last day, Alonzo gave Plaintiff his number and told her to call him.

**III.    Discussion**

## A. Sex Discrimination Claims

Defendant challenges Plaintiff's sex discrimination and hostile work environment claims. Title VII makes it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex."[10] To support a *prima facie* case of discrimination, a plaintiff must establish that she is a member of a Title VII protected class, that an adverse employment action was taken against her, and that the circumstances under which the adverse employment action occurred give rise to an inference of discrimination.[11]

Defendant seeks to apply a higher pleading standard than Plaintiff is required to meet under Rule 8(a) by suggesting that Plaintiff failed to allege all of the elements required to establish a prima facie case of sex discrimination. In *Swierkiewicz v. Sorema N.A.*,[12] the Supreme Court explained that a prima facie case of discrimination "operates as a flexible evidentiary standard" and not a "rigid pleading standard."[13] Therefore, the plaintiff need not have "adequately alleged a prima facie case" or "circumstances that support an inference of discrimination" in order to survive a motion to dismiss.[14] In employment discrimination cases,

---

[10] 42 U.S.C. § 2000e-2(a)(1).

[11] *E.E.O.C. v. PVNF, LLC*, 487 F.3d 790, 800 (10th Cir. 2007).

[12] *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510–11 (2002) ("The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement. . . . This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.").

[13] *Id.* at 512.

[14] *Id.* at 509.

plaintiffs "must satisfy only the simple requirements of Rule 8(a)."[15]  Therefore, the Complaint must provide "fair notice of the basis for [plaintiff's] claims,"[16] as that standard was further revised in *Twombly*.[17]

In *Khalik v. United Air Lines*,[18] the Tenth Circuit affirmed a district court decision dismissing a plaintiff's FMLA retaliation claim under Rule 12(b)(6), providing an extensive analysis of the pleading standard for employment discrimination and retaliation claims under *Twombly*.[19]  The Tenth Circuit was careful to note that under *Twombly*, the plaintiff is not required to "set forth a prima facie case for each element" to successfully plead her claim of discrimination.[20]  Instead, she is only required to "set forth plausible claims."[21]

Defendant focuses its arguments on the fact that Plaintiff did not allege that she was treated less favorably than males.  Defendant relies on a four-prong test, which requires a plaintiff to also show that she was treated less favorably than males for prima facie sex discrimination claim to prevail under Title VII.[22]  But Plaintiff was not required to plead that she

---

[15]*Id.* at 513.

[16]*Id.*

[17]*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007).

[18]671 F.3d 1188 (10th Cir. 2012).

[19]*Khalik*, 671 F.3d at 1193–94.

[20]*Id.* at 1194.

[21]*Id.*

[22]*See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006).

6

was treated less favorably than males or even allege a prima facie case at the pleading stage.[23] Plaintiff was only required to provide fair notice of the basis for her claims by sufficiently stating a plausible claim, which the Court finds she did do for the reasons stated below.

Defendant next argues that Plaintiff's sex discrimination claim is insufficient because the factual allegations evidence that she was not discriminated against on account of her sex. The Court disagrees; Plaintiff alleged several facts to support that the discrimination was based on her sex. Plaintiff alleged that she was subject to many unwelcome advances and remarks from Alonzo and suffered adverse employment action related to the alleged remarks and advances. Alonzo made attempts to exchange phone numbers with Plaintiff and commented on her weight and physical appearance. Plaintiff alleged that Alonzo told her, "I'd like to take you out back," which Plaintiff and other witnesses perceived as sexual in nature. Plaintiff reported Alonzo's conduct to multiple managers and HR. Plaintiff documented the sexual harassment allegations on the company computer. When Hoyt was investigating Plaintiff's concerns, another employee was alleged to have observed him using security cameras to zoom in on Plaintiff's backside. Plaintiff alleged that Hoyt took adverse employment actions against her by reprimanding her for documenting her sexual harassment allegations on the company computer, formally demoting

---

[23]In earlier cases, the Tenth Circuit has admitted that it has not been "entirely consistent" in its recitation of the fourth prong of the prima facie case of discrimination. *See Sorbo v. UPS*, 432 F.3d 1169, 1173 n. 4 (10th Cir. 2005) (stating that discrimination plaintiffs need not show that they were treated differently than similarly situated coworkers outside of the protected class, but noting that the court's own jurisprudence has not been entirely consistent in this regard); *Jaramillo v. Colorado Judicial Department*, 427 F.3d 1303, 1307 n. 1 (10th Cir. 2005) (noting inconsistency but declining to resolve the case on the basis of the adequacy of the prima facie case where the parties agreed plaintiff met her burden); *see also Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1216 n.4 (10th Cir. 2013) ("We note that the district court evaluated Ms. Tabor's prima facie case under an older, four-part test from the original *McDonnell Douglas*. We use a more recent variation of this test, a three-part test articulated by the Supreme Court in *Burdine*, which the Tenth Circuit expressly prefers."); *Cole v. Hawker Beechcraft Corp.*, 10-1282-JAR, 2011 WL 4809815, at *9 n.30 (D. Kan. Oct. 11, 2011) ("In the Tenth Circuit, the prima facie case no longer requires a "similarly-situated person" comparison.").

her, and effectively terminating her within a week of Plaintiff lodging a formal complaint with the corporate human resources offices. Plaintiff further alleged that she was meeting legitimate job expectations. These facts sufficiently allege that but for Plaintiff's status as a female, she would not have been terminated. Accordingly, the Court finds that Plaintiff has stated a plausible Title VII claim for sex discrimination.

Defendant also argues that Plaintiff has failed to state a plausible hostile work environment claim based on sex. To establish that a sexually hostile work environment existed under Title VII, "a plaintiff must prove the following elements: (1) she is a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on sex; and (4) [due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment."[24] Defendant only challenges the third element, arguing that Plaintiff set forth facts that she was harassed on the basis of race rather than sex because Plaintiff alleged that Defendant failed to respond to Plaintiff's complaints due to Alonzo's race. But, for the reasons stated in detail above, the alleged unwelcome sexual advances by Alonzo and the adverse employment actions taken against Plaintiff by Hoyt in response to these advances is sufficient to show that the harassment was based on sex.[25] Accordingly, the Court finds that Plaintiff has stated a plausible Title VII claim for hostile work environment based on sex.

---

[24] *Dick v. Phone Directories Co., Inc.*, 397 F.3d 1256, 1262–63 (10th Cir. 2005) (internal citations and quotations omitted).

[25] *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (Explaining that "[c]ourts and juries have found the inference of discrimination easy to draw in most male-female sexual harassment situations, because the challenged conduct typically involves explicit or implicit proposals of sexual activity; it is reasonable to assume those proposals would not have been made to someone of the same sex").

### B. Race Discrimination Claims

Plaintiff brings her reverse race discrimination claims under both Title VII and 42 U.S.C. § 1981(a). Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."[26] "In racial discrimination suits, the elements of a plaintiff's case are the same whether that case is brought under §§ 1981 or 1983 or Title VII."[27] The Tenth Circuit has explained that in the context of reverse discrimination cases utilizing circumstantial evidence, the elements of an ordinary prima facie case must be adjusted because "the presumptions in Title VII analysis that are valid when a plaintiff belongs to a disfavored group are not necessarily justified when the plaintiff is a member of an historically favored group."[28] Generally, "[t]o make out a prima facie case of discrimination, [a plaintiff] must demonstrate (1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees."[29] However, a reverse discrimination plaintiff must establish "background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority" instead of showing that the plaintiff is a member of a protected class.[30]

---

[26] 42 U.S.C. § 2000e-2(a)(1).

[27] *Carney v. City & Cnty of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008) (internal citations and quotations omitted).

[28] *Notari v. Denver Water Dep't*, 971 F.2d 585, 589 (10th Cir. 1992).

[29] *Carney*, 534 F.3d at 1273 (internal citations and quotations omitted).

[30] *Notari*, 971 F.2d at 585, 589; *see Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1150 (10th Cir. 2008).

Plaintiff has failed to plead that Defendant is one of the unusual employers who discriminates against white employees. Plaintiff does not allege that she was treated differently than Alonzo or any other employee because of her race. Rather, Plaintiff's claim hinges on the sole allegation that Alonzo was given special treatment because of his race when Balaun stated that the company could not respond to Plaintiff's reports of sexual harassment because Alonzo was a Hispanic man and Defendant feared accusations of harassment by him. However, Plaintiff's race discrimination claims must be based on her suffering an adverse action because of her race rather than Defendant's inaction of another employee based on his race. Accordingly, the Court finds that Plaintiff has not stated a plausible claim for reverse race discrimination under Title VII or Section 1981.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 6) is **DENIED** with respect to Plaintiff's sex discrimination and hostile work environment claims pursuant to Title VII and **GRANTED** with respect to Plaintiff's reverse race discrimination claims pursuant to Title VII and 42 U.S.C. § 1981.

**IT IS SO ORDERED.**

Dated: June 5, 2014

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE